Weygandt, C. J.
Fortunately the facts are undisputed and have been stipulated by counsel.
The refusal of the respondents to contribute to the salaries of the relators as officers of the newly established Municipal Court of the City-of Willoughby is based primarily on the contention that the village of Willowick is not within the territorial jurisdiction of that court.
The relators rely on the following provision of Section 1582, General Code’ (Section 1901.02, Revised Code):
“The Willougby Municipal Court shall have jurisdiction within Willoughby and Kirtland townships in Lake county.”
The effective date of this statute was June 13, 1951. At that time the village of • Willowick was part of Willoughby township. However, by the aetion of the county commissioners on the petition of the village approximately five months later on November 19, 1951, the village of Willowick was duly detached from Willoughby township and the territory within the village was duly erected into a new township having the same name as the village. There is no question as to the good faith of this action.
In the meantime on November 6, 1951, the relator judge was elected to his office by the electors of the territory including Willoughby township as then constituted. In conformity with the provisions of the *465 statute, the “institution” of the new court occurred thereafter on January 1, 1952, at which time the relators assumed their duties.
The relators contend that since the effective date of the statute was June 13, 1951, and the election occurred on November 6,1951, the county commissioners were without authority to alter the territorial jurisdiction of the new court and thereby in effect amend the statutory enactment of the General Assembly by erecting a new township.
The answer of the respondents to this is that in Section 3245 et seq., General Code (Section 503.02 et seq., Revised Code), the General Assembly has delegated to county commissioners the express authority to alter, change, partition, eliminate or erect townships at any time, and further that in this instance the change was made before the “institution” of the court and before the commencement of the relator judge’s term of office.
But the relators insist that, even if the county commissioners were authorized to erect the new township for certain purposes, the mere change in the name and form of some of the original territory could not have the effect of removing it from the jurisdictional area first designated by the statute, although consummated before the court was instituted and before the relator judge assumed his office. In other words, the relators would construe the statute as if it contained the additional words “the territory now comprising” and thereby making it read, “the Willoughby Municipal Court shall have jurisdiction within the territory now comprising Willoughby and Kirtland townships in, Lake county. ’ ’ Of course the General Assembly could have inserted the additional words. But it did not see fit to do so. What is the meaning of the language the General Assembly did use? Does it mean that by im *466 plication there was an intention to limit the authority of the county commissioners to change township territory for certain purposes only?
This court does not so read the statute. Obviously, as observed by the relators, the county commissioners do not possess constitutional authority to nullify a legislative enactment of the General Assembly, but this does not mean that they may not exercise the authority delegated to them to erect or change townships. There is nothing in the context of the statute to indicate that in naming the political subdivision the term was employed by the General Assembly in other than the sense of territory as it lawfully may exist from time to time. On January 1,1952, when the new court was instituted the village of Willowiek was no longer a part of Willoughby township and hence not within the territorial jurisdiction of the new court. Not being within that jurisdiction, the village is not liable for any part of the salaries of the court officers.
This conclusion renders it unnecessary to consider the further grounds urged by the respondents for denying the writ. The judgment of the Court of Appeals must be reversed and final judgment rendered for the respondents.

Judgment reversed.

Middleton, Taft, Zimmerman, Stewart and Lamneck, JJ., concur.